IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MITCHELL B. THOMAS, | ) |
| | ) Civil Action No. 08 - 1461 |
| | ) |
| Plaintiff, | ) Magistrate Judge Lisa Pupo |
| | ) Lenihan |
| v. | ) |
| | ) |
| MARK YASSEM, Lieutenant, | ) |
| Mercer County Jail; | ) |
| SHERIFF'S OFFICE OF MERCER | ) |
| COUNTY; | |
| | |
| Defendants. | |

**MEMORANDUM ORDER**

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Also, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA[1] and he is seeking redress from a governmental entity. In addition, this Court granted Plaintiff's Motion to Proceed in forma pauperis on October 17, 2008 (doc. no. 2). Thus his allegations must be reviewed in accordance with 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] A complaint must be dismissed pursuant to Fed.

---

1. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

2. *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. §
(continued...)

R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (U.S. May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In his Complaint, Plaintiff complains that Deputy Mark Yassem filed false charges against him without any evidence or investigation. As relief, he seeks dismissal of his criminal charges. It is well settled that this federal court may not interfere with ongoing criminal proceedings in a state court. Younger v. Harris, 401 U.S. 37, 54-55 (1971) (reinforcing federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court). *See also* Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (holding that court of appeals correctly dismissed under Younger three criminal defendants who brought section 1983 attacking state court proceeding).

The discussion above makes clear that Plaintiff may not maintain this federal civil action attempting to dismiss his ongoing state criminal proceeding, which has ample avenues to raise his challenges regarding false charges. In addition, there are no

---

2(...continued)
1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

extraordinary circumstances requiring federal intervention. Thus, Plaintiff's action must be dismissed. An appropriate order follows.

**AND NOW**, this 13th day of November, 2008;

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed under the PLRA for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure, if he so desires.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: MITCHELL B THOMAS
    Mercer County Jail
    55 Thompson Rd.
    Mercer, PA 16137